# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| CHARISSE ROBINSON, | ) | |
| | ) | Case No. 1:24-cv-145 |
| *Plaintiff*, | ) | |
| | ) | Judge Atchley |
| v. | ) | |
| | ) | Magistrate Judge Steger |
| CHANCLER PRESCOTT and GRAYBAR | ) | |
| ELECTRIC COMPANY, INC., | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Chancler Prescott's and Graybar Electric Company, Inc.'s ("Defendants") Motion for Summary Judgment [Doc. 50]. For reasons that follow, Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2023, Plaintiff was involved in a motor vehicle accident (the "Accident"), involving Defendant Chancler Prescott ("Defendant Prescott") and Defendant Graybar Electric Company, Inc. ("Defendant Graybar Company") [Doc. 1-1 at ¶¶ 3–6; Doc. 9 at ¶¶ 4–5]. Plaintiff alleges she was at a "complete stop" at the 5400 block of Highway 153 in Hamilton County, Tennessee when Defendant Prescott "forcefully struck a vehicle directly in front of him in the rear [and] [t]hat vehicle then struck Plaintiff's vehicle in the rear." [Doc. 1-1 at ¶ 5; Doc. 9 at ¶¶ 4–5]. At the time of the Accident, Defendant Prescott was operating a vehicle owned by Defendant Graybar Company, while in the scope of his employment. [Doc. 1-1 at ¶ 4 and Doc. 9 at ¶ 4].

On March 22, 2024, Plaintiff filed a Complaint in the Circuit Court for Hamilton County, Tennessee against Defendants asserting counts of negligence and negligence per se. [Doc. 1-1 at ¶ 11]. This matter was subsequently removed to this Court by Defendant Graybar Company on

1

Apil 10, 2024. [Doc. 1]. In her Complaint, Plaintiff alleges that she suffered "personal injury," "emotional distress," and "lost wages" due to the Accident. [Doc. 1-1 at 4]. In her deposition, Plaintiff affirmed that she is only claiming injuries to her head, shoulder, neck, and back, which includes her "post-concussion syndrome" diagnosis. [Doc. 54-2 at 16:7–11, 17:15–17]. Plaintiff asks for $100,000.00 in compensatory damages. [*Id.* at 3, 6].

Central to the disposition of Defendants' Motion for Summary Judgment [Doc. 50] is the absence of expert testimony in this case. Plaintiff initially disclosed two experts—Dr. Robert Bashuk and Jessica Bohn, M.Ed.—in support of her claims. [Docs. 41, 42]. Defendants moved to exclude both witnesses on the grounds that Plaintiff failed to comply with the specific requirements of Fed. R. Civ. P. 26(a)(2)(B). [Doc. 43]. At a hearing before Magistrate Judge Christopher H. Steger, Plaintiff's counsel did not oppose the motion and withdrew the experts, and the motion to exclude was granted. [Doc. 49]. Defendants then moved for summary judgment, arguing that, without expert testimony, Plaintiff cannot establish causation or prove her claimed damages. [Docs. 50, 51]. Plaintiff filed a response in opposition, and Defendants replied. [Docs. 54, 56]. The matter is now ripe for the Court's review.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party asserting the presence or absence of genuine issues of material facts must support its position either by "citing to particular parts of materials in the record," including depositions, documents, affidavits or declarations, stipulations, or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the

2

fact." FED. R. CIV. P. 56(c)(1). When ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or simply "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Where the movant has satisfied this burden, the nonmoving party cannot "rest upon its . . . pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). The nonmoving party must present sufficient probative evidence supporting its claim that disputes over material facts remain and must be resolved by a judge or jury at trial. *Anderson*, 477 U.S. at 248–49 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968)); *see also White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475-76 (6th Cir. 2010). A mere scintilla of evidence is not enough; there must be evidence from which a jury could reasonably find in favor of the nonmoving party. *Anderson*, 477 U.S. at 252; *Moldowan*, 578 F.3d at 374. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

## III. ANALYSIS

Defendants assert they are entitled to summary judgment on the grounds that Plaintiff cannot prove causation or damages under her negligence claim against them. [Doc. 50 and Doc. 51 at 4–7]. Defendants assert four arguments: (i) Plaintiff cannot establish that Defendants caused her injuries, (ii) Plaintiff cannot show that her medical expenses were reasonable and necessary, (iii) Plaintiff cannot show that her injuries caused her to miss work or lost wages, and (iv) Plaintiff has no expert testimony to recover damages for future pain and suffering. [Doc. 51 at 4–7]. The Court will analyze each in turn.

### A. Injury and Causation

To prevail on a negligence claim under Tennessee law, a plaintiff must establish the following elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009) (citation omitted).

Defendants claim that Plaintiff cannot prove one of the elements of her negligence claim—causation—because she does not have medical experts to testify that her head, shoulder, neck, and back injuries, including her "post-concussion syndrome" diagnosis, is linked to the Accident. [Doc. 51 at 5–7]. Defendants argue that medical causation in Tennessee must be established by expert testimony, and because the Court excluded Plaintiff's expert, she has no evidence to establish causation. [*Id.*].

Generally, Tennessee law requires expert testimony to establish medical causation. *Malone v. ASF Intermodal LLC*, No. W2020-00430-COA-R3-CV, 2022 Tenn. App. LEXIS 48, at *18 (Tenn. Ct. App. Feb. 7, 2022) (citing *Thomas v. Aetna Life & Cas. Co.*, 812 S.W.2d 278, 283

4

(Tenn. 1991)). In some instances, however, "causation can be established by lay testimony when a 'simple' injury such as a cut or abrasion is involved. *Id.* (citing *Varner v. Perryman*, 969 S.W.2d 410, 412 (Tenn. Ct. App. 1997) (citation omitted)). "Lay testimony is competent to establish such simple but important matters as existence of pain, its location, [and] inability to work, etc. but it may not be received and relied upon to prove matters requiring scientific knowledge." *King v. Chase*, No. 2:22-cv-02030-JPM-atc, 2022 U.S. Dist. LEXIS 113944, at *8 (W.D. Tenn. June 28, 2022) (citation omitted). "Causation should be established by medical experts in all but simple and routine cases-and even then expert testimony is highly desirable." *Id.* (citations omitted).

Plaintiff's injuries in this case can be divided into two separate categories: (1) Plaintiff's head, neck, shoulder, and back pain immediately following the Accident and persisting for a limited period of time [Doc. 52-2 at 15:6–13], and (2) Plaintiff's diagnosis of "post-concussion syndrome." [*Id.* at 17:15–17]. The latter category is the type of condition that typically requires expert testimony, whereas the former involves relatively routine, observable symptoms about which a layperson may competently testify.

As to the second category, courts routinely require expert testimony to prove injuries relating to a medical diagnosis. *See Calloway v. Monsanto Co.*, No. 3:23-CV-338-TAV-DCP, 2025 U.S. Dist. LEXIS 133389, at *4–5 (E.D. Tenn. July 14, 2025) (medical expert required to prove that a particular product caused bladder cancer); *Malone*, 2022 Tenn. App. LEXIS 48, at *20 (medical expert used to opine on radiculopathy, i.e., nerve pain radiating from the plaintiff's lower back injury to his leg); *Arias v. Duro Std. Prods. Co.*, 303 S.W.3d 256, 258 (Tenn. 2010) (expert opinion required to prove occupation asthma). This makes sense, as a medical diagnosis of a particular injury and its cause typically requires some level of scientific knowledge.

5

Here, Plaintiff testifies that she was diagnosed with "post-concussion syndrome" following the accident. [Doc. 54-2 at 17:15–17]. Such a diagnosis, and its related cause, "would necessarily involve 'scientific, technical, or other specialized knowledge,' that would require testimony from an expert, rather than a lay, witness." *Calloway*, 2025 U.S. Dist. LEXIS 133389, at *5 (citing Fed. R. Evid. 701, 702). A brain injury, by its nature and the level of expertise required to assess it, is not a simple or routine condition—unlike a cut, abrasion, or the immediate pain following an accident. *See Boye v. Moore*, No. 03A01-9812-CV-00424, 1999 Tenn. App. LEXIS 772 at *23 (Tenn. Ct. App. Nov. 24, 1999) (plaintiff's medical expert was sufficient to establish that the plaintiff suffered a "permanent brain injury of some magnitude as a result of the crash"); *Malone*, 2022 Tenn. App. LEXIS 48, at *20 ("Dr. Raimundi's and Dr. Rubin's respective testimony provides sufficient material evidence from which a reasonable jury could conclude that Mr. Malone's cognitive symptoms were caused by a *traumatic brain injury* he suffered in the collision." (emphasis added)). Without an expert to prove that the Accident caused Plaintiff's "post-concussion syndrome," no genuine issue of material fact exists as to whether Plaintiff can establish causation as to that particular injury.

Therefore, Defendant's Motion for Summary Judgment [Doc. 50] will be **GRANTED** with respect to any theory of recovery regarding her "post-concussion syndrome."

Conversely, the first category of injuries, i.e., Plaintiff's head, neck, shoulder, and back pain immediately following the Accident and persisting for a limited period of time, are sufficiently "simple" to prove through lay person testimony. Consider the strikingly similar facts and ruling in *King*, 2022 U.S. Dist. LEXIS 113944. In *King*, the plaintiff alleged that she sustained "bodily injuries and damage[s]" as a result of an automobile accident. 2022 U.S. Dist. LEXIS 113944, at *1–2. The defendant moved for summary judgment on the grounds that Plaintiff did

6

not disclose any experts to prove her negligence claim, nor did her alleged injuries fall under the "simple" injuries exception to that requirement. *Id.* at \*8. The court disagreed, rejecting the defendant's argument that "simple" injuries could "only include very obvious, visual injuries." *Id.* at \*15. Relying on *Varner v. Perryman*, 969 S.W.2d 410 (Tenn. Ct. App. 1997), the Court reasoned that, although the plaintiff's injuries were arguably more complex than mere cuts and abrasions, they were nonetheless sufficiently straightforward to be understood through the ordinary reasoning of everyday life experiences. *Id.* at \*16–18. Importantly, the Court concluded:

> Based on the foregoing, Plaintiff's lay testimony may be sufficient to establish some of her injuries and that they were caused by the accident with Defendant. In particular, Plaintiff may testify that she sustained soreness or pain immediately following, and temporally related to, the accident, including to her neck, lower back, shoulder, and legs. To be clear, the Court does not view back or neck injuries or "nerve pain" as "simple" injuries, and Plaintiff may not opine on any medical diagnosis as to her discomfort. Soreness and pain immediately following the accident and persisting for a limited period of time, however, are far more analogous to the bruised abdominal muscles in *Varner* than they are to the eye condition or need for surgery in *Sutton* or *Pellicano* itself. Plaintiff may also testify regarding her inability to drive and limited capacity for self-grooming and other household tasks as a result of the accident, within a limited timeframe. Plaintiff's testimony regarding her symptoms and their effects on her daily life close in time to the accident is sufficiently observational. Plaintiff will be subject to cross-examination, and the jury will decide her credibility on these issues. Because Plaintiff's testimony is competent to establish pain and discomfort temporally associated with the accident and the immediate impact of that pain and discomfort on her daily life, material issues of fact persist for the trier of fact in this case.

*Id.* at 17–18.

In the same way, Plaintiff in this case is permitted to testify about the pain she experienced as a result of the Accident. [Doc. 54-2 at 16:7–11]. While she cannot testify as to any medical diagnosis or the permanency of her injuries, it is well within her purview to testify about the pain and suffering she felt after such a traumatic event and the effects on her daily life close in time to

7

the Accident.[1] As such, because Plaintiff's testimony is competent to support her claim of negligence, material issues of fact persist.

Accordingly, Defendant's Motion [Doc. 50] is **DENIED** as to Plaintiff's ability to prove injury and causation regarding the pain and discomfort temporally associated with the Accident and the immediate impact it had on her daily life.

### B. Medical Expenses

Defendant further contends that Plaintiff's failure to offer expert opinion regarding her medical expenses precludes her ability to recover them. [Doc. 51 at 6]. In response, Plaintiff argues that expert testimony is not required to prove her financial losses because she has provided an affidavit itemizing her medical bills. [Doc. 54 at 9–12; Doc. 54-1]. The Court disagrees.

"'[T]o recover for [medical] expenses, expert opinion must be offered regarding the reasonableness and necessity of the physician's services and charges.'" *Seaton v. Black & Decker (U.S.) Inc.*, No. 2:20-CV-124, 2021 U.S. Dist. LEXIS 70649, at *18 (E.D. Tenn. Apr. 13, 2021) (citing *Stricklan v. Patterson*, No. E2008-00203-COA-R3-CV, 2008 Tenn. App. LEXIS 647, at *4 (Tenn. Ct. App. Nov. 4, 2008)). "'In all but the most obvious and routine cases, plaintiffs must present competent expert testimony to meet this burden of proof.'" *King*, 2022 U.S. Dist. LEXIS 113944, at *20 (citation omitted).

Here, there is no question that Plaintiff has failed to provide expert opinion regarding the reasonableness and necessity of her medical expenses. As such, she is unable to recover those

---

[1] At this time, the Court need not determine the precise duration of Plaintiff's permissible testimony regarding her injuries. That determination will depend on the specific testimony offered and the foundation laid at trial. Plaintiff will, of course, be subject to cross-examination, and the jury will assess her credibility. In addition, Defendants may raise appropriate objections at trial should they believe Plaintiff is exceeding the scope of her permissible testimony.

costs. *Seaton*, 2021 U.S. Dist. LEXIS 70649, at *20 ("Thus, Plaintiff cannot recover his past medical expenses, as he fails to present expert testimony as to the reasonableness and the necessity of such expenses.") Although Plaintiff has provided an itemized list of her medical expenses, that alone does not prove whether those charges where reasonable and necessary. *See King*, 2022 U.S. Dist. LEXIS 113944, at *20 (holding that the plaintiff cannot recover medical expenses without expert opinion, even with an itemized list of costs). And, based on the record as it currently stands, the Court cannot say that this is among the "most obvious and routine cases" that would allow Plaintiff to proceed without expert testimony on this issue. *Id.*

Accordingly, Defendant's Motion [Doc. 50] is **GRANTED** as to medical bills and expenses.

### C. Lost Wages

Next, Defendant asserts that Plaintiff has failed to produce any evidence proving that her alleged injuries limited her ability to work. [Doc. 51 at 6–7]. Specifically, Defendants argue that Plaintiff has failed to offer any witnesses competent to quantify such damages with reasonably certainty. *Id.* Plaintiff argues that she is competent to testify regarding her injury-related absences. [Doc. 54 at 11]. As proof, Plaintiff provides her own testimony that she missed work and an affidavit quantifying her lost wages to a total of $19,567.75. [Doc. 54-1; Doc. 54-2 at 30:14–34:8].

Here, Plaintiff has provided an affidavit that details how many hours she missed work and the total amount of lost wages. [Doc. 54-1]. At the very least, sufficient evidence exists in the record for Plaintiff to prove her lost wages with "reasonable certainty" at trial. *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999); *see also King*, 2022 U.S. Dist. LEXIS 113944, at *22–23 (finding that Plaintiff's lay testimony regarding her lost wages and pay

9

records as enough to establish a claim for lost wages). And while Defendants argue that Plaintiff's own testimony contradicts her claim for last wages, that is a credibility issue for the jury to make, not the Court at this summary judgment stage. [*See* Doc. 51 at 6–7].

Accordingly, because material issues of fact remain as to Plaintiff's lost wages claim, Defendant's Motion [Doc. 50] is **DENIED** as to lost wages.

### D. Future Pain and Suffering

Finally, Defendant contends that any future pain and suffering Plaintiff seeks must be supported by expert testimony, which she does not have. [Doc. 51 at 7]. Plaintiff argues, as she has consistently done, that her testimony alone is sufficient to establish pain and suffering. [Doc. 54 at 5–7]. However, Plaintiff's response does not differentiate between past and future pain and suffering. [*Id.*]. Instead, it appears that she broadly argues that expert testimony is not required for pain and suffering damages in general. [*Id.*].

"Pain and suffering encompasses the physical and mental discomfort caused by an injury and includes the wide array of mental and emotional responses that accompany the pain, characterized as suffering, such as anguish, distress, fear, humiliation, grief, shame, or worry." *Seaton*, 2021 U.S. Dist. LEXIS 70649, at *20–21 (citing *Adams v. Farbota*, No. 3:13-cv-01449, 2015 U.S. Dist. LEXIS 67131, at *2 (M.D. Tenn. May 22, 2015)). "For past pain and suffering, a plaintiff may rely on lay testimony to recover." *Id.* at *21 (citation omitted). "To recover for future pain and suffering, however, 'proof of that kind is usually required to be in the form of expert testimony.'" *Id.* (citing *Williams v. Steward*, No. 02A01-9712-CV-00311, 1998 Tenn. App. LEXIS 517, at *3 (Tenn. Ct. App. July 22, 1998)).

Simply put, Plaintiff's failure to provide expert proof limits her ability to recover pain and suffering damages. Under Tennessee law, Plaintiff can seek to recover damages for any past

pain and suffering, but she is barred from seeking damages for any future pain and suffering due to her lack of expert testimony. *Id.* (holding that the plaintiff may not recover future pain and suffering without an expert witness).

Accordingly, Defendants' Motion [Doc. 50] will be **DENIED IN PART** as to Plaintiff's damages claim for any past pain and suffering and will be **GRANTED IN PART** as to Plaintiff's damages claim for any future pain and suffering.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Defendants' Motion for Summary Judgment [Doc. 50] is **GRANTED IN PART** and **DENIED IN PART**.

2. The Court finds that, without expert testimony, Plaintiff cannot recover any damages relating to her diagnosis of "post-concussion syndrome." Therefore, any claim premised on that injury is **DISMISSED**.

3. The Court finds that material issues of fact remain as to Plaintiff's ability to prove injury and causation regarding the pain and discomfort temporally associated with the Accident and the immediate impact it had on her daily life. Therefore, Defendant's Motion [Doc. 50] is **DENIED** in that respect, and Plaintiff may recover for such injuries.

4. The Court finds that, without expert testimony, Plaintiff cannot recover for any of her medical expenses. Therefore, Plaintiff's damages claim for medical expenses, past or present, is **DISMISSED**.

5. The Court finds that material issues of fact remain as to Plaintiff's damages claim for lost wages. Therefore, Defendant's Motion [Doc. 50] is **DENIED** as to lost wages.

6. The Court finds that material issues of fact remain as to Plaintiff's damages claim for any past pain and suffering. Therefore, Defendant's Motion [Doc. 50] is **DENIED** as to Plaintiff's damages claim for any past pain and suffering. However, the Court finds that, without expert testimony, Plaintiff cannot recover for any future pain and suffering. Therefore, Defendant's Motion [Doc. 50] is **GRANTED** as to Plaintiff's damages claim for any future pain and suffering.

**SO ORDERED**.

_/s/ Charles E. Atchley, Jr._

**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

12