# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CHARISSE ROBINSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 1:24-cv-145 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| CHANCLER PRESCOTT and GRAYBAR | ) | Magistrate Judge Steger |
| ELECTRIC COMPANY, INC., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motions in Limine. [Doc. 68]. For the reasons that follow, the Motion [Doc. 68] will be **GRANTED IN PART** and **DENIED IN PART**.

## I. STANDARD OF REVIEW

Motions in limine are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (citation and internal quotation marks omitted). They are often asserted "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 41 n.2 (1984). A ruling on a motion in limine is preliminary in nature and may change depending on how the trial unfolds. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)).

## II. ANALYSIS

Defendants have requested that Plaintiff be precluded from testifying regarding three categories of evidence: (1) any alleged missed workdays and/or lost wages; (2) the cause of her alleged injuries; and (3) her medical bills. [Doc. 68]. The Court will analyze each in turn.

### A. Missed Workdays and/or Lost Wages

Defendants first argue that Plaintiff should be precluded from testifying about days she missed work or lost wages because such testimony is irrelevant absent competent proof that her claimed injuries caused any inability to work. [Doc. 68 at 1]. In response, Plaintiff cites the Court's Summary Judgment Order [Doc. 72], which determined that she may testify about her missed workdays and lost wages.

As Plaintiff pointed out, the Court has already held that she may testify about her lost wages and missed workdays. [Doc. 72 at 9–10]; *see also King v. Chase*, No. 2:22-cv-02030-JPM-atc, 2022 U.S. Dist. LEXIS 113944, at *22–23 (W.D. Tenn. June 28, 2022) (finding that Plaintiff's lay testimony regarding her lost wages and pay records as enough to establish a claim for lost wages). Moreover, whether or not Plaintiff ultimately proves whether her claimed injuries caused any inability to work depends on the testimony and evidence submitted at trial. In its Summary Judgment Order, the Court found that Plaintiff's testimony, without expert proof, may be sufficient to prove injury and causation regarding the pain and discomfort temporally associated[1] with the vehicle accident and the immediate impact it had on her daily life,[2] which necessarily includes her inability to work. [Doc. 72 at 6–8]. Accordingly, Defendants' Motion [Doc. 68] is **DENIED** as to

---

[1] As the Court previously explained in its Summary Judgment Order, it need not determine at this stage the precise duration of Plaintiff's permissible testimony regarding her injuries immediately following the vehicle accident. [Doc. 70 at 8 n.1]. That issue will depend on the testimony and foundation presented at trial, including any evidence that creates that causal link between Plaintiff's alleged injuries and her inability to work. Plaintiff will, of course, be subject to cross-examination, and the jury will assess her credibility. In addition, Defendants may raise appropriate objections at trial should they believe Plaintiff is exceeding the scope of her permissible testimony.

[2] Importantly, the Court's ruling only included Plaintiff's alleged head, neck, shoulder, and back pain immediately following the vehicle accident and persisting for a limited period afterwards. [Doc. 70 at 6–8]. Plaintiff may not testify about any medical diagnosis, including her alleged diagnosis of "post-concussion syndrome," or further injuries that may have arisen from the vehicle accident.

Plaintiff's ability to testify about her lost wages.

B. *The Cause of Her Alleged Injures*

Next, Defendants assert that Plaintiff should be precluded from testifying about the cause of the injuries she allegedly incurred in the vehicle accident because they must be established with expert testimony. [Doc. 68 at 2].

Again, the Court, in its Summary Judgment Order, has already held that "Plaintiff's head, neck, shoulder, and back pain immediately following the Accident and persisting for a limited period of time, are sufficiently 'simple' to prove through lay person testimony." [Doc. 72 at 6]. It is well within a lay person's ability to testify about the pain she felt immediately following a traumatic event, such as a vehicle accident. *See King*, 2022 U.S. Dist. LEXIS 113944, at *17–18. That testimony, presented at trial, may be enough to prove that Defendants are the cause of her alleged injuries. Furthermore, other possible causes of Plaintiff's injuries that may have existed before the collision, such as reported headaches and back pain before the accident, boils down to a credibility issue that the jury will weigh in reaching its decision. Accordingly, Defendants' Motion [Doc. 68] is **DENIED** as to Plaintiff's ability to testify about that cause of her alleged head, neck, shoulder, and back pain immediately following the vehicle accident and persisting for a limited period of time afterwards.

C. *Medical Bills*

Finally, Defendants contend that Plaintiff should be precluded from testifying about the value of her medical bills because expert testimony is required to establish the reasonableness and necessity of medical bills. [Doc. 68 at 2–3].

In its Summary Judgment Order, the Court held that, without any expert proof establishing the reasonableness of her medical bills, Plaintiff is precluded from recovering any damages

3

relating to her medical bills and expenses. [Doc. 72 at 8–9]. *See Seaton v. Black & Decker (U.S.) Inc.*, No. 2:20-CV-124, 2021 U.S. Dist. LEXIS 70649, at *18 (E.D. Tenn. Apr. 13, 2021) ("'[T]o recover for [medical] expenses, expert opinion must be offered regarding the reasonableness and necessity of the physician's services and charges.'" (citing *Stricklan v. Patterson*, No. E2008-00203-COA-R3-CV, 2008 Tenn. App. LEXIS 647, at *4 (Tenn. Ct. App. Nov. 4, 2008))). Since Plaintiff is unable to recover any damages relating to her medical bills, she is precluded from offering testimony about them. Accordingly, Defendants' Motion [Doc. 68] is **GRANTED**, and Plaintiff is therefore precluded from testifying about the value of her medical bills.

## III.   CONCLUSION

For the reasons set forth above, Defendants' Motions in Limine. [Doc. 68] is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED** to the extent that Plaintiff is precluded from testifying about her medical bills. It is **DENIED** in all other respects.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4